**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-7106**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH JAMES CAIN BENSON, a/k/a Black, a/k/a Boston,

Defendant - Appellant.

**No. 24-6240**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH JAMES CAIN BENSON, a/k/a Black, a/k/a Boston,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, Senior District Judge. (4:17-cr-00045-RAJ-RJK-1; 4:21-cv-00089-RAJ)

Submitted: April 30, 2024                    Decided: June 18, 2024

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

———————————————

No. 22-7106, dismissed; No. 24-6240, vacated and remanded with instructions by unpublished per curiam opinion.

———————————————

Joseph James Cain Benson, Appellant Pro Se.

———————————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, Joseph James Cain Benson seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 motion and denying his Fed. R. Civ. P. 60(b) motion. The order denying relief on Benson's § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Benson has not made the requisite showing. Accordingly, in No. 22-7106, we deny Benson's motions for abeyance and for a certificate of appealability and dismiss the appeal of the district court's order denying relief on his § 2255 motion.

In No. 24-6240, the district court properly determined that the claims raised in the Rule 60(b) motion did not challenge a defect in the proceeding, "but in effect ask[ed] for a second chance to have the merits determined favorably." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005). Therefore, Benson's motion was not a true Rule 60(b) motion, but a

3

successive § 2255 motion. *See id.* at 531-32; *see also United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain Benson's successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Accordingly, we vacate the district court's order denying Benson's Rule 60(b) motion and remand with instructions to dismiss for lack of subject matter jurisdiction.[*] *See Bixby v. Stirling*, 90 F.4th 140, 155 (4th Cir. 2024) (holding, when Rule 60(b) movant seeks "permission to raise new and revised claims in a second or successive" habeas motion, district court should "dismiss[]—not den[y]—the motion").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 22-7106, DISMISSED;*
*No. 24-6240, VACATED AND REMANDED*
*WITH INSTRUCTIONS*

---

[*] A certificate of appealability is not required to appeal the district court's order denying a Rule 60(b) motion that is in substance a successive § 2255 motion. *See McRae*, 793 F.3d at 400.

4